JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 22-249 JVS (JDEx) | Date | April 20, 2022 |
| Title | Aguilera-Cubitt v. AG Seal Beach, LLC | | |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion for Remand and Motion to Dismiss**

Plaintiff Abigail Aguilera-Cubitt ("Aguilera-Cubitt"), individually and as Successor-In-Interest on behalf of Reyes Aguilera, filed a motion to remand this case to the Orange County Superior Court. Mot., Dkt. 15. Defendant AG Seal Beach, LLC ("Seal Beach") opposed the motion. Opp'n, Dkt. 20. Aguilera-Cubitt responded. Reply, Dkt. 23.

Seal Beach also filed a motion to dismiss the complaint. Dkt. 10. Aguilera-Cubitt opposed the motion. Dkt. 19. Seal Beach responded. Dkt. 24.

For the following reasons, the Court **GRANTS** the motion for remand and **REMANDS** the case to Orange County Superior Court. The Court **DENIES** the motion to dismiss, and its associated requests for judicial notice, as moot.

### I. BACKGROUND

*A.  Factual and Procedural Background*

This case concerns whether Seal Beach provided sufficient care to Aguilera-Cubitt's elderly mother. Seal Beach owns and operates skilled nursing facilities in California. Compl., Blozan Decl., Ex. 1, Dkt. 15-1, ¶ 30. Reyes Aguilera ("Aguilera") was a resident of the Seal Beach Health and Rehabilitation nursing home from 2018 until her death on June 30, 2020. Id. ¶ 6. Aguilera-Cubitt alleges that Seal Beach neglected to provide proper care to Aguilera and other residents, in violation of California law. See

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 22-249 JVS (JDEx) | Date | April 20, 2022 |
| Title | Aguilera-Cubitt v. AG Seal Beach, LLC | | |

generally id. ¶¶ 30–62.

On June 29, 2021, Aguilera-Cubitt filed a complaint in Orange County Superior Court. See id. The complaint brought seven state law causes of action for (1) Elder Abuse under California Welfare & Institutions Code §15610 et seq., (2) Violation of Patient Bill of Rights and Health and Safety Codes, (3) Wrongful Death, (4) Intentional Misrepresentation, (5) Negligent Misrepresentation, (6) Negligence, and (7) Unfair Business Practices. See id. ¶¶ 63–139. On February 16, 2022, Seal Beach filed a notice of removal. See Dkt. 1.

### B. Requests for Judicial Notice

As a preliminary matter, both parties request that the Court take judicial notice of a voluminous collection of documents in connection with the motion to remand. See Dkt. 16; Dkt. 22. Several of the attached exhibits consist of decisions from other courts, both inside and outside of this district. See Dkt. 16, Exs. 1–3; Dkt. 22, Exs. 1, 32. The Court does not need to take judicial notice of court opinions, or filings on this Court's docket, and thus denies the request with respect to those exhibits. However, the Court will consider those documents when ruling on these motions.

The remaining documents are all government publications. See Dkt. 22, Exs. 2–31, 33–34. The Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); see Fed. R. Evid. 201(b). A court may "take judicial notice of undisputed and publicly available information displayed on government websites." King v. Cty. of Los Angeles, 885 F.3d 548, 555 (9th Cir. 2018); see Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) (holding that it is "appropriate to take judicial notice" of information "made publicly available by government entities" where neither party disputes the authenticity or the accuracy of the information). As neither party questions the authenticity or accuracy of the exhibits, the Court finds that it is proper to take judicial notice of them.

Accordingly, the Court **GRANTS** Seal Beach's request for judicial notice with respect to Exhibits 2–31, 33, and 34. See Dkt. 22. The Court declines to take judicial notice of the remainder of the documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 22-249 JVS (JDEx) | Date | April 20, 2022 |
| Title | Aguilera-Cubitt v. AG Seal Beach, LLC | | |

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quoting Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c); see also Maniar v. FDIC, 979 F.2d 782, 786 (9th Cir. 1992). A district court lacks power to order a remand in violation of Section 1447(c). Id.

## III. DISCUSSION

Aguilera-Cubitt seeks to remand this action to Orange County Superior Court for a lack of subject matter jurisdiction. Mot. at 9. "As a general rule, absent diversity jurisdiction, a case will not be removeable if the complaint does not affirmatively allege a federal claim." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Id. at 393.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 22-249 JVS (JDEx)                    Date   April 20, 2022

Title     Aguilera-Cubitt v. AG Seal Beach, LLC

Aguilera-Cubitt's complaint only brings state law claims and does not support diversity jurisdiction. Thus, the Court turns to the question of whether federal subject matter jurisdiction exists over Aguilera-Cubitt's complaint.

      A.    *Preemption of Aguilera-Cubitt's Claims by the PREP Act*

Seal Beach argues that removal of this case to federal court was proper because Aguilera-Cubitt's claims are completely preempted by the Public Readiness and Emergency Preparedness (PREP) Act, 42 U.S.C. §§ 247d-6d, 247d-6e. The complete pre-emption doctrine presents an "independent corollary" to the well-pleaded complaint rule. Caterpillar, 482 U.S. at 393. "Complete preemption is 'really a jurisdictional rather than a preemption doctrine, as it confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim.'" Dennis v. Hart, 724 F.3d 1249, 1254 (9th Cir. 2013) (quoting Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 945 (9th Cir. 2009)). "'Complete preemption' is a doctrine applicable to removal jurisdiction only; it is not a doctrine of defensive preemption." Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 947 (9th Cir. 2014).

There are only a "handful of 'extraordinary' situations" where Congress "manifested an intent to convert state-law claims into federal-question claims." Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002). "The Supreme Court has identified only three statutes that meet this criteria: (1) § 301 of the Labor Management Relations Act (the LMRA), 29 U.S.C. § 185, . . . (2) § 502(a) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a), . . . and (3) §§ 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85, 86." City of Oakland v. BP PLC, 969 F.3d 895, 905–06 (9th Cir. 2020). Based on those cases, the Ninth Circuit has held that "complete preemption for purposes of federal jurisdiction under § 1331 exists when Congress: (1) intended to displace a state-law cause of action, and (2) provided a substitute cause of action." Id. at 905 (citing Hansen v. Grp. Health Coop., 902 F.3d 1051, 1057 (9th Cir. 2018).

        i.    *The PREP Act*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 22-249 JVS (JDEx)     Date   April 20, 2022

Title   Aguilera-Cubitt v. AG Seal Beach, LLC

    Congress initially passed the Public Readiness and Emergency Preparedness ("PREP") Act in 2005. See Pub. L. No. 109-148, div. C, § 2, 119 Stat. 2818 (Dec. 30, 2005), codified at 42 U.S.C. §§ 247d-6d, 247d-6e. The PREP Act may be invoked by the Secretary of the Department of Health and Human Services (the "HHS Secretary") upon making a "determination that a disease or other health condition or other threat to health constitutes a public health emergency, or that there is a credible risk that the disease, condition, or threat may in the future constitute such an emergency." 42 U.S.C. § 247d-6d(b)(1). After a determination is made, the HHS Secretary may identify covered countermeasures via declaration in the Federal Register. Id. § 247d-6d(b)(1). The Act defines "covered countermeasure" to include "a qualified pandemic or epidemic product," a security countermeasure, a drug, biological product or device, or an approved respiratory protective device that the HHS Secretary determines to be a priority for use during the declared public health emergency. Id. § 247d-6d(i)(1). It defines "covered person" to include persons or entities (and their officials, agents, and employees) that are manufacturers, distributors, program planners, or qualified persons who prescribed, administered, or dispensed a countermeasure. Id. § 247d-6d(i)(2)(B). The PREP Act provides that "a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure . . . ." Id. § 247d-6d(a)(1). It created the Covered Countermeasure Process Fund to compensate "eligible individuals for covered injuries directly caused by the administration or use of a covered countermeasure pursuant to such declaration . . . ." Id. § 247d-6e(a).

    Section 247d-6d(d)(1) provides that "the sole exception to the immunity from suit and liability of covered persons . . . shall be for an exclusive Federal cause of action against a covered person for death or serious physical injury proximately caused by willful misconduct . . . by such covered person." The term "willful misconduct" is defined as an act or omission that is taken "(i) intentionally to achieve a wrongful purpose; (ii) knowingly without legal or factual justification; and (iii) in disregard of a known or obvious risk that is so great as to make it highly probable that the harm will outweigh the benefit." Id. § 247d-6d(c)(1)(A). There are several procedural restrictions on an action brought under § 247d-6d(d)(1), including that it "shall be filed and maintained only in the United States District Court for the District of Columbia." Id. § 247d-6d(e)(1). Before bringing such an action, an individual must also first exhaust the

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 22-249 JVS (JDEx) | Date | April 20, 2022 |
| Title | Aguilera-Cubitt v. AG Seal Beach, LLC | | |

administrative remedies available through the Covered Countermeasure Process Fund, as described in section 247d-6e(a). Id. § 247d-6e(d)(1).

On March 10, 2020, the HHS Secretary issued the "Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19," (the "Declaration"), which declared the COVID-19 pandemic a public health emergency under the PREP Act. 85 Fed. Reg. 15,198 (Mar. 17, 2020). The HHS Secretary also issued a series of amendments to the declaration defining covered persons and covered countermeasures. See Seventh Amendment to Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 86 Fed. Reg. 14,462, 14,463 (Mar. 16, 2021) (summarizing the amended declarations). Of note, the Fourth Amendment to the Declaration expressed the opinion of the HHS Secretary that "there are substantial federal legal and policy issues" and interests in having a uniform interpretation of the PREP Act's application to the response to the COVID-19 pandemic. See Fourth Amendment to the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19 and Republication of the Declaration, 85 Fed. Reg. 79,190, 19,194 (Dec. 9, 2020). On January 8, 2021, the Office of the General Counsel for the Department of Health and Human Services issued an Advisory Opinion that further elaborated on the agency's opinion of how the PREP Act impacted federal court jurisdiction. Dep't Health & Hum. Servs., General Counsel Advisory Opinion 21-01 (Jan. 8, 2021), Dkt. 5-9.

    ii.  *Whether the PREP Act is a Complete Preemption Statute*

During the COVID-19 pandemic, numerous courts have considered whether the PREP Act completely preempts state law claims. The vast majority of district courts, including many within this district, concluded that it did not. See, e.g., Lyons v. Cucumber Holdings, LLC, 520 F. Supp. 3d 1277, 1286–87 (C.D. Cal. 2021); Estate of McCalebb v. AG Lynwood, LLC, No. 2:20-cv-09746-SB-PVC, 2021 WL 911951 (C.D. Cal. Mar. 1, 2021); Aguirre v. Norwalk Skilled Nursing & Wellness Ctr., LLC, No. 2:22-cv-00126-MCS-JPR, 2022 WL 633566 (C.D. Cal. Jan. 32, 2022) (collecting cases). Other courts, including this Court, found that it did completely preempt state law claims. See Garcia v. Welltower OpCo Grp. LLC, 522 F. Supp. 3d 734, 741–43 (C.D. Cal. 2021); see also Rachal v. Natchitoches Nursing & Rehabilitation Center LLC, No. 1:21-CV-00334, 2021 WL 5449053, at *4 n.3 (W.D. La. Apr. 30, 2021) (finding that the PREP Act

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 22-249 JVS (JDEx) | Date | April 20, 2022 |
| Title | Aguilera-Cubitt v. AG Seal Beach, LLC | | |

satisfies the Fifth Circuit test for complete preemption and granting jurisdictional discovery); Rachal v. Natchitoches Nursing & Rehabilitation Center LLC, No. 1:21-CV-00334, 2021 WL 5449064 (W.D. La. Nov. 18, 2021) (remanding the case after jurisdictional discovery because the defendants had failed to adequately demonstrate that plaintiff's claims were related to a covered countermeasure).

In Garcia, this Court reached the conclusion that the PREP Act completely preempted state law in part by relying on the January 8, 2021 Advisory Opinion (the "Advisory Opinion") issued by the HHS Office of General Counsel. 522 F. Supp. 3d at 742–43; Dep't Health & Hum. Servs., General Counsel Advisory Opinion 21-01 (Jan. 8, 2021), Dkt. 5-9, at 2–3. The Advisory Opinion concluded that the PREP Act is a complete preemption statute, and "extends immunity to anything 'relating to' the administration of a covered countermeasure." Dep't Health & Hum. Servs., General Counsel Advisory Opinion 21-01 (Jan. 8, 2021), Dkt. 5-9, at 2–4. While the Court did not grant Chevron deference to the Advisory Opinion, it took note of its reasoning and agreed with its conclusion that the PREP Act completely preempts state law. Garcia, 522 F. Supp. 3d at 742–43. Seal Beach argues that the Court should follow the same reasoning it adopted in Garcia and again defer to the conclusions of the Advisory Opinion. Opp'n at 9–10. However, several courts, including the Ninth Circuit, have reached the opposite conclusion on this issue since this Court last considered the question. See, e.g., Saldana v. Glenhaven Healthcare LLC, 27 F.4th 679, 688 (9th Cir. 2022); Estate of McCalebb, 2021 WL 911951, at *4–5 n.5 (considering Advisory Opinion and determining that the PREP Act does not completely preempt state law claims); Smith v. Colonial Care Ctr., Inc., No. 2:21-cv-00494-RGK-PD, 2021 WL 1087284, at *6 (C.D. Cal. Mar. 19, 2021) (same); Dupervil v. Alliance Health Operations, 516 F. Supp. 3d 238, 252–54 (E.D.N.Y. 2021) (same).

In Saldana, the Ninth Circuit recently considered an appeal of a district court order remanding a similar case to state court for a lack of subject matter jurisdiction. 27 F.4th at 683. Similar to Seal Beach, the defendant in Saldana argued that the Advisory Opinion supported the conclusion that the PREP Act is a complete preemption statute. Id. at 687. However, the Ninth Circuit reiterated that "an agency's opinion on federal court jurisdiction is not entitled to Chevron deference." Id. at 688 (citing Dandina, Inc. v. U.S. Dep't of Transp., 729 F.3d 917, 920 n.1 (9th Cir. 2013)). Instead of deferring to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 22-249 JVS (JDEx)                    Date   April 20, 2022

Title   Aguilera-Cubitt v. AG Seal Beach, LLC

Advisory Opinion, the court looked to whether the PREP Act satisfied the Ninth Circuit test for complete preemption.

In Saldana, the court held that the PREP Act did not satisfy either prong of the City of Oakland test. First, it determined that Congress "intended a federal claim only for willful misconduct claims and not claims for negligence and recklessness." Id. (citing 42 U.S.C. § 247d-6d(c)(1)(B)). Next, it found that the administrative compensation fund that provides the only source of redress for non-willful misconduct claims brought under the PREP ACT does not constitute a substitute cause of action. Id. Thus, Saldana concluded that "under this court's two-part test, the PREP Act is not a complete preemption statute." Id. In addition to finding that rationale persuasive, the Court is bound by the Saldana court's holding.

Seal Beach not only disagrees with the analysis, but also contends that the decision in Saldana is not binding on this Court because a mandate has not yet issued and there is a pending petition for rehearing en banc. See Opp'n at 2–3 n.2. A published circuit court panel decision is "subject to modification, withdrawal, or reversal" until a mandate has issued. In re Zermeno-Gomez, 868 F.3d 1048, 1053 (9th Cir. 2017). But even prior to the issuance of a mandate, the Ninth Circuit has "unequivocally stated that a published decision constitutes binding authority and must be followed unless and until it is overruled by a body competent to do so." Id. The possibility that Saldana may be reheard en banc does not change the impact of the panel decision on this Court. See Yong v. INS, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000) ("[O]nce a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority."). It would "constitute clear error" for the Court to disregard a published Ninth Circuit opinion. In re Zermeno-Gomez, 868 F.3d at 1053.

Thus, the Court concludes that the PREP Act does not support subject matter jurisdiction because it is not a complete preemption statute.

     *iii.*  *Preemption of Claims Based on Willful Misconduct*

Alternatively, Seal Beach argues that even the PREP Act does not completely preempt all of Aguilera-Cubitt's claims, federal subject matter jurisdiction exists because

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 22-249 JVS (JDEx) | Date | April 20, 2022 |
| Title | Aguilera-Cubitt v. AG Seal Beach, LLC | | |

it preempts any claims that are premised on willful misconduct. Opp'n at 15–16. Aguilera-Cubitt brings a total of seven causes of action, including for negligence, wrongful death, and elder abuse. None of the causes of action are brought for willful misconduct. However, there are allegations within the complaint that Seal Beach "intentionally and willfully" failed to provide proper care to Aguilera. See Compl. ¶ 56. Seal Beach contends that subject matter jurisdiction exists because these claims fall within the PREP Act's express preemption of willful misconduct claims. See Opp'n at 8–9.

The defendant in Saldana raised the same argument, which the Ninth Circuit rejected. 27 F.4th at 688. As Saldana emphasized, "finding that one claim may be preempted is different than finding that the 'federal statutory scheme is so comprehensive that it entirely supplants state law causes of action,' such as . . . other causes of action for elder abuse, custodial negligence, and wrongful death." Id. (quoting Retail Prop. Tr., 768 F.3d at 947). Thus, Saldana held that the remand for lack of subject matter jurisdiction based upon complete preemption was proper. Id. Seal Beach's argument that this Court should reach a different conclusion fails for multiple reasons.

First, Seal Beach appears to conflate the different preemption doctrines. Complete preemption is distinct from the different types of defensive preemption. See Retail Property Tr., 768 F.3d at 948 ("[T]he complete-preemption doctrine must be distinguished from ordinary preemption.") (quoting Sullivan v. Am. Airlines, Inc., 424 F.3d 267, 272 (2d Cir. 2005)). "'Complete preemption' is a doctrine applicable to removal jurisdiction only; it is not a doctrine of defensive preemption." Retail Property Tr., 768 F.3d at 948. As discussed above, under binding Ninth Circuit precedent, the PREP Act is not one of the limited number of statutes where Congress intended to completely preempt state law claims. The PREP Act's preemption of state law willful misconduct claims does not change that analysis. See Saldana, 27 F.4th at 688.

While the PREP Act expressly preempts state law willful misconduct claims, see 42 U.S.C. § 247d-6d(d)(1), that does not make it a "complete preemption" statute. Express preemption is a form of defensive preemption, and thus does not have the same jurisdictional impact as a complete preemption statute. See Retail Property Tr., 768 F.3d at 948. Defensive preemption cannot create the basis for removal. See Caterpillar, 482 U.S. at 393. The case law cited by Seal Beach to support its argument is inapposite. In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 22-249 JVS (JDEx) | Date | April 20, 2022 |
| Title | Aguilera-Cubitt v. AG Seal Beach, LLC | | |

Smallwood v. Allied Van Lines, Inc., the Ninth Circuit noted that the "district court had subject matter jurisdiction if at least one of [plaintiff's] claims were completely preempted by the Carmack Amendment." 660 F.3d 1115, 1120 (9th Cir. 2011). Prior to Smallwood, the Ninth Circuit had previously held that the Carmack Amendment, 49 U.S.C. § 14706, completely preempts interstate-shipping contract claims alleging loss or damage to property. Hall v. N. Am. Van Lines, Inc., 476 F.3d 683, 687–89 (9th Cir. 2007). The opposite is true here. The Ninth Circuit has explicitly held that the PREP is not a complete preemption statute. See Saldana, 27 F.4th at 688. Seal Beach may raise its express preemption defense in state court, but it is not sufficient to create federal jurisdiction over the complaint.

Second, Seal Beach's willful misconduct argument relies on out-of-circuit authority that is contradictory to Saldana. See Opp'n at 7–10. However, even if that authority applied within the Ninth Circuit, Seal Beach's arguments fail. In Estate of Maglioli v. Alliance Holdings, LLC, the Third Circuit concluded that "[t]he PREP Act's language easily satisfied the standard for the complete preemption of particular causes of action" because Congress created an exclusive federal cause of action for willful misconduct. 16 F.4th 393, 409–10 (3d Cir. 2021). However, Maglioli acknowledged that "complete preemption does not apply when federal law creates an entirely *different* cause of action from the state claims in the complaint." Id. at 411 (emphasis in original). Thus, the court looked beyond the claims to the allegations and found that the claims could not have been brought under the PREP Act because there were no allegations of acting "intentionally to achieve a wrongful purpose" or "knowingly without legal or factual justification." Id. Thus, it held that remand of the plaintiffs' "garden-variety state-law claims" was proper. Id. at 413.

As discussed above, the Court is bound by Saldana's contrary holding that the PREP Act is not a complete preemption statute. However, even under the Third Circuit analysis, Aguilera-Cubitt's allegations do not fall within the scope of claims preempted by the PREP Act. Aguilera-Cubitt brought seven state claims, none of which were for willful misconduct. The state law causes of action all have elements that are distinct from the elements of a willful misconduct claim under the PREP Act. Aguilera-Cubitt's allegations also could not support a willful misconduct claim under the PREP Act. None of the alleged actions that Seal Beach "intentionally and willfully" failed to perform were related to COVID-19, or any "covered countermeasure." See Compl. ¶ 56.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 22-249 JVS (JDEx) | Date | April 20, 2022 |
| Title | Aguilera-Cubitt v. AG Seal Beach, LLC | | |

The brief references to COVID-19 are not sufficient to bring Aguilera-Cubitt's claims within the scope of the PREP Act. See Smith, 2021 WL 1087284, at *4 (finding that allegations do not fall within the PREP Act definition of a covered countermeasure because allegations only mention them by way of background).

Accordingly, the Court finds that the PREP Act's express preemption of state law willful misconduct claims does not provide a basis for federal jurisdiction over Aguilera-Cubitt's complaint.

      C.    *Embedded Question of Federal Law*

Alternatively, Seal Beach contends that Aguilera-Cubitt's allegations contain a substantial, embedded question of federal law. Opp'n at 18–19. The Supreme Court has recognized that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). The doctrine applies "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258 (2013). "Only a few cases have fallen into this 'slim category.'" City of Oakland, 969 F.3d at 904. "[A] state-law claim will present a justiciable federal question only if it satisfies *both* the well-pleaded complaint rule *and* passes the 'implicate[s] significant federal issues' test." Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund, 636 F.3d 538, 542 (9th Cir. 2011) (quoting Grable, 545 U.S. at 312) (emphasis in original).

All of Aguilera-Cubitt's claims are brought under California state law. Seal Beach does not convincingly explain how the PREP Act provides an essential element to any of the claims. It essentially repeats its preemption argument, and contends that the protection provided by the PREP Act should prevent these claims. But, "a federal defense is not a sufficient basis to find embedded federal question jurisdiction." Saldana, 27 F.4th at 688 (citing Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1090 (9th Cir. 2009)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 22-249 JVS (JDEx)              Date   April 20, 2022

Title     Aguilera-Cubitt v. AG Seal Beach, LLC

Just because Aguilera-Cubitt was a resident at a facility where covered persons employed covered countermeasures, interpretation of the PREP Act is not automatically a substantial part of Aguilera-Cubitt's complaint. Seal Beach may invoke the PREP Act as part of its defense in state court. If it does in fact preempt some of the claims raised by Aguilera-Cubitt, those claims will fail. But that has no bearing on whether this Court has subject matter jurisdiction over this complaint.

Accordingly, the Court finds that there is no embedded federal question to support jurisdiction over the complaint.

### D.  Federal Officer Removal Statute

Additionally, Seal Beach argues that jurisdiction exists under the federal officer removal statute. Opp'n at 19–23. Section 1442(a) authorizes removal of a state action filed against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . ." 28 U.S.C. § 1442(a).

Federal officer removal is available if "(a) [the defendant] is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" Fidelitad, Inc. v. Insitu, Inc., 904 F.3d 1095, 1099 (9th Cir. 2018) (quoting Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th Cir. 2006)). To establish a causal nexus, Seal Beach must show that it "was 'acting under' a federal officer in performing some 'act under color of federal office,'" and that such action is "causally connected" with Aguilera-Cubitt's claims. Cty. of San Mateo v. Chevron Corp., 960 F.3d 586, 598 (9th Cir. 2020).

Seal Beach argues that it was "acting under" the direction of a federal officer because the Department of Health and Human Services identified healthcare providers as critical partners in its efforts to mitigate the spread and impact of the COVID-19 pandemic. Opp'n at 20–22. Seal Beach has identified numerous regulations, directives,

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 22-249 JVS (JDEx) | Date | April 20, 2022 |
| Title | Aguilera-Cubitt v. AG Seal Beach, LLC | | |

and guidance that it has complied with throughout the pandemic. "But 'simply complying' with a law or regulation is not enough to 'bring a private person within the scope of the statute.'" Saldana, 27 F.4th at 684 (quoting Watson v. Philip Morris Cos., Inc., 551 U.S. 142, 152 (2007)).

> "The upshot is that a highly regulated firm cannot find a statutory basis for removal in the fact of federal regulation alone. A private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase "acting under" a federal "official." And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored. A contrary determination would expand the scope of the statute considerably, potentially bringing within its scope state-court actions filed against private firms in many highly regulated industries."

Watson, 551 U.S. at 153. Seal Beach's reliance on federal government declarations that healthcare providers are critical infrastructure is similarly unavailing. "It cannot be that the federal government's mere designation of an industry as important—or even critical—is sufficient to federalize an entity's operations and confer federal jurisdiction." Saldana, 27 F.4th at 685 (quoting Buljic v. Tyson Foods, Inc., 22 F.4th 730, 740 (8th Cir. 2021)).

Many courts have considered, and rejected, this same argument. See, e.g., Saldana, 27 F.4th at 684–86 (finding that defendant was not "acting under" a federal officer or agency as contemplated by the federal officer removal statute); Lyons, 520 F. Supp. 3d at 1283–84 (same); Estate of McCalebb, 2021 WL 911951, at *6–7 (same); Smith v. Colonial Care, 2021 WL 1087284, at *7–8 (same). The Court agrees with the analysis of those prior courts. It rejects the argument again here, and thus does not need to consider whether the other elements of the federal officer removal statute are met.

Accordingly, the Court concludes that Seal Beach has not demonstrated that removal was proper under the federal officer removal statute.

   *E.*  *Request for Attorney's Fees*

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 22-249 JVS (JDEx)                                Date  April 20, 2022

Title  Aguilera-Cubitt v. AG Seal Beach, LLC

    Finally, Aguilera-Cubitt seeks an award of costs and fees incurred as a result of removal.  Mot. at 28–29.  Because remand is proper here, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447.  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

    The Court does not find that Seal Beach lacked an objectively reasonable basis for seeking removal.  While the Court was not persuaded by its arguments that subject matter jurisdiction existed, this is a developing area of law.  Moreover, there was no binding Ninth Circuit precedent until the Saldana opinion was issued on February 22, 2022, six days after Seal Beach removed this action.  See Ramirez v. Windsor Care Ctr. Nat'l City, Inc., No. 21-cv-1051-AJB-WVG, 2022 WL 392899, (S.D. Cal. Feb. 9, 2022) ("Considering there is no binding precedent on the issues raised by Defendant and at least one district court has agreed with its view concerning the propriety of removal in this type of case, the Court does not find that Defendant lacked an objectively reasonable basis for seeking removal.").

    Aguilera-Cubitt argues that she should be entitled to attorneys' fees because the claims at issue here are not related to COVID-19 or the covered countermeasures under the PREP Act.  Reply at 20–21.  From the face of the complaint, the allegations appear to be tangentially related to COVID-19 and the covered countermeasures under the PREP Act.  However, Aguilera did test positive for COVID-19 prior to her death, so the Court cannot say that removal was utterly without justification.  While the Court agrees that there is no legal basis for removal, that does not necessarily render removal objectively unreasonable.  See Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008) ("[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted.").

    Accordingly, the Court declines to award costs and fees to Aguilera-Cubitt.

**IV. CONCLUSION**

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 22-249 JVS (JDEx) | Date | April 20, 2022 |
| Title | Aguilera-Cubitt v. AG Seal Beach, LLC | | |

For the foregoing reasons, the Court **GRANTS** the motion for remand and **REMANDS** the case to Orange County Superior Court.  The Court **DENIES** the motion to dismiss, and its associated requests for judicial notice, as moot.  The Court finds that oral argument would not be helpful in this matter. Fed R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**

|  |  | : | 0 |
|---|---|---|---|
|  | Initials of Preparer | lmb | |